**Mary Jane GUTIERREZ**

v.

**ACADEMY CORPORATION**

**Civil Action No. G–96–725.**

United States District Court, S.D. Texas, Galveston Division.

July 1, 1997.

Richard S. London, Jane Eva Perelman, London & Associates, Houston, TX, for Mary Jane Gutierrez.

Mary Jane Gutierrez, League City, TX, pro se.

Charles F. Herring, Jr., Ron H. Moss, Law Offices of Charles Herring, Jr., Austin, TX, for Academy Corp.

## *ORDER*

KENT, District Judge.

On March 24, 1997, Plaintiff filed her Second Amended Original Complaint alleging that Defendant discriminated against her in violation of Title VII, 42 U.S.C. § 2000e et seq., and constructively discharged her. Now before the Court is Defendant's Motion to Stay Litigation and to Compel Arbitration of May 19, 1997. For the reasons set forth below, the Motion is **GRANTED.**

Plaintiff began working for Defendant in October, 1991. On May 2, 1992, Plaintiff signed a document entitled "Waiver, Release of Claims, Indemnification and Arbitration." In exchange for receiving medical and other benefits under Defendant's Work Related Accident Program for Academy Employees, Plaintiff agreed to submit to final and binding arbitration for "any and all disputes, claims and/or disagreements," specifically including "any claim of discrimination or other claim relating to any violation of the Texas Commission on Human Rights Act, Title VII of the Civil Rights Act, the Equal Pay Act, Age Discrimination in Employment Act, Rehabilitation Act or any other law." (Agreement, p. 2). In the agreement, the parties specified that it would be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.

■ Despite her signing of this arbitration agreement, after Plaintiff was terminated, she filed suit against Defendant in this Court and did not submit to arbitration. Defendant now seeks to compel Plaintiff to arbitrate her claims pursuant to her agreement and stay this action until the completion of the arbitration. Plaintiff opposes arbitration and alleges that the agreement is unenforceable on the grounds that the arbitration clause is

unconscionable. Specifically, Plaintiff claims that on the day she signed the agreement, she asked to take the agreement home to her paralegal husband and to an attorney for legal advice but was told that she had to sign it that day or she would lose the opportunity for the benefits offered under the agreement. Moreover, Plaintiff claims that there was an inequality in bargaining positions when she signed the agreement.

■ Section 2 of the FAA provides that agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the Act requires this Court to stay litigation of any issue referable to arbitration under a written agreement, as long as the applicant for the stay is not in default in proceeding with such arbitration. *Id.* § 3. This provision is mandatory; if the issues in a case are within the reach of the agreement, the district court has no discretion to deny the stay. *In re Complaint of Hornbeck Offshore Corp.*, 981 F.2d 752, 754 (5th Cir.1993).

This case presents a different set of facts than many compulsion of arbitration cases. In this case, the arbitration clause under which Plaintiff's claims fall is not simply a clause in an employment contract or other contract, as is true in many cases. Rather, it is part of an agreement the whole subject of which is arbitration, release of claims, and indemnification. The relevance of this distinction comes into play in deciding whether Plaintiff's complaints regarding the unconscionability of the agreement and the unequal bargaining positions are to be decided by the court or by an arbitrator. Most cases involving this issue concern arbitration clauses in employment or other contracts and hold that if a plaintiff's complaints regarding the enforceability of the clause relate to the entire contract, they must be decided by an arbitrator, but if they relate to the arbitration clause itself, the court must decide them. *See Rojas v. TK Communications, Inc.*, 87 F.3d 745, 749 (5th Cir.1996) (finding that because plaintiff's claim that her employment agreement was an unconscionable contract, of adhesion related to the entire agreement, rather than just the arbitration clause, the

FAA required that her claims be heard by an arbitrator) (citation omitted); *R.M. Perez & Assoc., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir.1992) (finding that if a plaintiff's claim of fraud relates to the arbitration clause itself, the court should adjudicate the fraud claim, but if it relates to the entire agreement, the FAA requires that the fraud claim be decided by an arbitrator) (citing *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin, and Jenrette Sec. Corp.*, 912 F.2d 1563, 1566 (6th Cir.1990)).

■ The Court follows these cases and holds that in a case such as this, involving an arbitration, release, and indemnification agreement, if a plaintiff's claims regarding the enforceability of the agreement relate to the entire agreement, they must be decided by an arbitrator. But where a plaintiff's claims are directed at particular clauses, this Court is obligated to interpret those clauses according to the law and decide the plaintiff's claims. In this case, Plaintiff's complaints regarding the enforceability of the agreement is an attack on the agreement and the formation of the agreement, not on any clause in particular. As stated above, Plaintiff contends that she was not given time to seek legal advice before signing the agreement and that there was an inequality in bargaining positions when the agreement was formed. The Court finds that it is for the arbitrator to decide whether Plaintiff's allegations are true and meritorious and whether they are sufficient to invalidate the entire agreement.

■ The Court would offer the arbitrator some guidance in evaluating the enforceability of an agreement such as the one in this case. It is important to ascertain whether this agreement was extended to all employees of like class and circumstance or whether it was offered to one or a few individual employees to forestall or impede those individuals' access to the courts. The Court would look harshly upon an attempt by an employer to forestall specific litigation by an individual by presenting him or her with such an agreement. The arbitrator also may want to consider whether the consideration for such an agreement was reasonable in the circumstances. Furthermore, it is important

that the choice of responses were clearly presented to the employees and that the employer made them aware of the benefits and disadvantages of the choice made.

As employers enter a global economy and a changing world of employment relationships, it is likely that agreements such as the one before the Court will become more common. If American companies are going to be competitive in this changing world, the legal system must allow them to respond to and implement changes in the employment relationship and other circumstances to make sure they are efficiently run with the best employees possible. The Court's only concern is that these changes not trample the rights of employees, especially where Congress has enacted specific statutes to protect them.

For the reasons set forth above, Defendant's Motion to Stay Litigation and to Compel Arbitration is **GRANTED**. Plaintiff is **ORDERED** to undergo binding arbitration pursuant to the terms of her agreement with Defendant. This case is **STAYED** until such arbitration is final and complete.

**IT IS SO ORDERED.**